***MARK E. COHEN, ESQ.***
*ATTORNEY AT LAW*
*108-18 QUEENS BOULEVARD*
*4TH FLOOR, SUITE 3*
*FOREST HILLS, NEW YORK 11375*
----------
*Telephone (718) 258-1500*
*Facsimile (718) 793-1627*

December 10, 2018

HONORABLE CARLA E. CRAIG
United States Bankruptcy Court
Eastern District of New York
271-C Cadman Plaza East
Brooklyn, New York 11201

      Re: Victor Bostic, Chapter 13 Debtor
         EDNY Case No. 18-42713-cec

Dear Judge Craig:

  A loss mitigation status hearing is scheduled for December 11, 2018. Please allow this letter to serve as an update on behalf of our client SN Servicing Corporation, current servicer, ("Creditor" herein) with respect to the pending loss mitigation request.

  At the time of the filing Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely in its capacity as Owner Trustee of Matawin Ventures Trust Series 2017-2 serviced by Kondaur Capital Corporation was the lender for the property described as 99 Summer Place, Staten Island, New York, 10301

  On August 7, 2018 Kondaur Capital Corporation sent out a denial letter (attached herein as "Exhibit A") but did not properly address the letter to Debtor's Attorney.

  The loan was service released to SN Servicing on August 28, 2018 (a copy of the service release is attached herein as "Exhibit B").

  On September 21, 2018 Debtor's Attorney submitted a new loss mitigation package to be reviewed by the investor JDRMDBP-SM LLC serviced by SN Servicing.

  The investor reviewed the loan and determined a loan modification cannot be issued as there was no equity in the property due to second lien holder owed approximately $200,000.00 and no payments have been made on the loan in over seven (7) years. The investor notified their

Page -2-
December 10, 2018

servicing agent that they would not participate in a loan modification and therefore a denial letter (attached herein as "Exhibit C") was issued on October 18, 2018.

After a second review of the loan the investor is prepared to accept half of the mortgage arrears as presently due, with the remaining unpaid principal balance to be paid at the rate of 6.75% for a period of 60 months. Monthly payment would be based upon 30 years amortization with a balloon payment of the remaining principal balance due upon the 60th payment.

Therefore, unless this offer is accepted by debtor, we respectfully request termination of the loss mitigation.

>   Respectfully yours,
>   s/Mark E. Cohen
>   MARK E. COHEN, ESQ.

cc: Paul Hollender, Esq., Attorney for Chapter 13 Debtor [By ECF and Email Only]